IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KENDALL LAMONTE SMITH** § | | |
| **(Travis Co. #2016230)** § | | |
| § | | |
| V. § | A-21-CV-043-LY | |
| § | | |
| **A. PAIGE, Austin Police Officer #7326** § | | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. Public records for the Travis County District Clerk show a grand jury indicted Plaintiff for three separate offenses: Assault of a Family or Household Member Impeding Breath/Circulation committed on August 20, 2020; Assault on a Peace Officer committed on August 20, 2020; and Aggravated Assault with a Deadly Weapon committed on August 10, 2020.

All three indictments included a habitual offender enhancement. Officer Paige is listed as the victim in the indictment for assault on a peace officer, which was filed in Cause No. D-1-DC-20-204982.

In his civil-rights complaint Plaintiff alleges Officer Paige tackled, tased, and hit Plaintiff during Plaintiff's arrest on August 20, 2020. Plaintiff denies resisting arrest. He claims he injured his head and back. He sues Officer Paige and seeks $1.5 million.

The affidavit for Plaintiff's arrest filed in Cause No. D-1-DC-20-204982 provided:

On 8/20/2020, at approximately 5:58 P.M., officers responded to 5720 Pinon Vista Dr for a female, later identified as [A.P.], who demanded police for an altercation between her and her boyfriend, Kendall. [A.P.] told 911 call takers, "Please come here before he kills me . . . Please!" When officers arrived Kendall had already left. However, at 6:08 P.M., officers had determined that there was probable cause to believe Kendall committed the act of Aggravated Assault Family Violence. Kendall and [A.P.] have been dating on and off for the last 15 years and they have four children together.

Officer A. Paige 7326 and J. Perricone 8428 located a recent mug shot of Kendall through APD's database and a last address of 5720 Pinon Vista Dr. Officer Paige and Perricone responded to that location to look for Kendall. Officers Paige and Perricone arrived at 5720 Pinon Vista Dr in a marked APD squad car and full APD uniform. At 6:36 PM, they located Kendall in the front yard of the residence then approached him on foot. They called out his name in which Kendall told the officers, "That's not me." Officers already knew it was Kendall as they had a mug shot photo of him. Officer Paige approached him, and he told Kendall that he was being detained. Paige held Kendall's left arm while Perricone held Kendall's right arm. Officer Perricone placed his handcuff on Kendall's right side wrist, and before he could handcuff Kendall's left wrist, Kendall said, "I'm not detained." Kendall yanked his handcuffed right hand away from Officer Perricone and held the loose end of the handcuff in his right fist. This exposed the hinged part of the handcuff at an angle over his wrist.

Paige stated that while he was holding onto Kendall's left arm, Kendall's body was tensing up, and Kendall's hands were balled into fists. In a second, Paige saw Kendall break free from Perricone and swing his right hand towards Paige's face. The angled hinge struck Paige's forehead just above his eyebrow, causing Paige to become disoriented for a few seconds. [Paige] stated he was struck 3-4 more times by Kendall's right fist but, because he was stunned and disoriented from the first strike, he does not recall if he was struck again by the handcuff. In self-defense,

Paige punched in return but disengaged to deploy his department-issued Taser. Paige stated that Kendall pulled the Taser prongs out of his legs so, Paige holstered his Taser and continued to fight with Kendall. Paige and Perricone forced Kendall to the ground and held him down until the backup officers arrived and assisted handcuffing Kendall.

Paige, Perricone, and Kendall were all transported to Dell Seton Medical Center. Perricone suffered minor bruising during the struggle. Kendall stated he fought the officers in self-defense, but he had no injuries.

Detective Jedynak 7308 interviewed Officer Paige in the emergency room. Detective Jedynak stated he immediately noticed Paige had a large contusion on the front/left side of his head. The contusion looked shiny and was starting to bruise. There was a small amount of blood on Paige's lower right lip that appeared to be trickling down into his beard. Officer Paige appeared lethargic and exhausted.

Officer Paige suffered a cut to his lower lip that required surgical staples to close the wound. He also received a contusion to his left upper forehead. This was caused by the impact of the hardened steel handcuffs that Kendall used as a weapon to injure Paige intentionally. Doctors advised that due to the impact on his forehead, he suffered a traumatic brain injury commonly referred to as a severe concussion.

I have probable cause to believe that Kendall Smith committed the offense of Aggravated Assault on a Police Officer when he intentionally used the officer's handcuff in his hand and strike Paige's forehead with the edge end of the exposed handcuff hinge. The treating emergency room doctor advised that the strike from the edge end of the hinge from the hardened steel handcuff to Paige's forehead caused a traumatic brain injury, which in its manner of use is capable of causing serious bodily injury or death.

Public records for Travis County show Plaintiff pleaded guilty to assaulting Officer Paige.

Plaintiff was sentenced to two years' imprisonment on April 7, 2021.

## DISCUSSION AND ANALYSIS

A.  <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. Heck v. Humphrey

Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

The inquiry whether an excessive-force claim is barred under *Heck* requires a court to consider whether "success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

In this case, success on Plaintiff's excessive-force claim would necessarily imply the invalidity of his assault conviction. Plaintiff's conviction has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.

Accordingly, Plaintiff's complaint should be dismissed with prejudice to being asserted again until the conditions of *Heck* are met.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice to being asserted again until the conditions of *Heck* are met pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on May 5, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE